Curia, per

Richardson, J.
The question is, has the Clerk of the Court of Common Pleas, before he delivers the writ necessary for the commencement of an action at law, the authority to require of the suitor the costs allowed by the Fee Bill of 1839 ? The demand is small. But the decision of the ease may have important circumstances. It involves the right of litigants, and it may affect the principles of judicial justice. The fee bill of 1791,(a) the raised fee bill of 1827, and that of 1839, under which last the question before the Court is made, all allow the costs to the Clerk, in the same language as they are allowed to some other officers : as the Registers, Ordinaries, Sheriffs, &c. But custom has obtained, at least since the fee bill of 1791,(b) to tax and allow the costs of the Clerk, together with what are called the Court charges, at the termination or dismissal of a suit, and not before.
In the case of Corrie vs. Fits & Givens, (3 McC. 25,) this custom is alluded to, and as far as it can have influence, the Judge justifies it under the fee bill of 1791. That case decided that the Clerk can require payment of his costs of the plaintiff, who has obtained judgment, only in case of the insolvency of the defendant. Now, if the Clerk had the right in the first instance to call on the plaintiff, for his successive fees, he surely could not have lost the right by the defendant’s being condemned to restore the fees that the plaintiff is supposed by the judgment to have paid. The converse would have been the conclusion.
I decided that case on the circuit, and have now an opportunity of adding my own reasons to those of the late Court of Errors in support of that decision, as well as in favor of the present. In that case it is incidentally stated, that in England the plaintiff pays the Clerk’s costs at the successive stages of the case. “ But here the costs abide the determination of the case.” If this had been the precise point for the decision *66 of the Court, it would have concluded the present question, at least under the fee bill of 1191 The fee bill of 1839 allows the Clerk for “ signing writ,” and all incidental services before filing declaration, “fifty cents.” But is he entitled to the money upon signing the writ ? or must he abide *the determination of the suit, and look in the first instance to the party against whom the costs maybe ordered, according to former practice ? As a general rule, officers are entitled to their costs as they do successive official acts. But, is there not good reason for the custom of making the Clerk of the Court an exception to this rule ?
Before the constitution of 1191, the Judges also received costs, and were paid for their services in that way. But as far as 1 have understood, their costs, too, abided the determination of suits. And I think the reason and principle of practice may be seen by referring to the origin of costs, and the principles of judicial justice. At common law no costs were allowed in courts of Justice The plaintiff who lost his suit might be fined, pro falso clamare, “or judged in misericordia,” according to the justice or injustice of his case. And perhaps an unjust defendant punished in the same way, or by increased damages. But such fine or damages necessarily abide the determination of every suit. In process of time, costs were given to the officers of the Court in lieu of such fines, which formerly went to the King. And is there as not good reason that they too shall abide the event of the suit, and fall only, or at least in the first instance, upon the plaintiff, who made a false clamor, or the defendant, who set up an unjust defence ? If otherwise, would we not lose sight of the proper rights of parties claiming justice at the hands of the Judges ?
It is one of the first principles of Courts of Justice, that all parties shall be heard without obstacle, expense, or delay. The poor and the weak absolutely require such principles for protection, and they must be awarded to all alike. But if at every step of a case, the plaintiff shall be obliged to pay costs to ministerial officers before he can reach the ear of the Judge, may we not occlude the Courts of Justice, at least to some persons ? A writ is the judicial notice to a debtor that his creditor demands justice. The declaration is the precise statement of the demand. To this the debtor responds; and the issue is made up for the decision of the Court. Such are the legal forms through which we demand to be heard, and have justice judicially administered; and costs may be very justly required after and according to the decision. But any hindrance, in any step, to the judicial hearing, would be as a lien to our system of justice ; as to impede a petition to the * Legislature for a right, or to the Governor for mercy. They all stand upon the same principle — the right to have a hearing and decision of the case presented. Such principles of judicial justice are summed up in Magna Charta. “Nulli negabimus, nulli vendemus, nulli deferemus justician.” And these words, so full of history and meaning, suggest to the mind the whole additional argument I would offer in support of the custom of postponing the payment of the costs to the determination of suits. The argument on the other side is, that fees or costs being allowed by the Act, they ought to be paid as the services are rendered. But laws are to be construed by their subject matter, which includes the moral and legal principles that necessarily belong to the subject.
*67 The Court therefore think that the custom of postponing the payment of the Clerk’s costs, which has obtained for fifty years, under the former fee bills, should be adhered to, as indicating the proper construction of the new fee bill, which, let it be observed, must have been passed under a full knowledge of such customary and habitual construction of all the former fee bills ; and a custom so long and so closely connected with the subject of the new enactment of 1839, can scarcely be considered otherwise than as a part of the subject matter itself, and would have naturally called for positive expression if it had been intended to change the custom.
The Circuit decision is therefore affirmed, and the motion dismissed.
The whole Court concurred.

 5 Stat. 154. 4 Stat. 333. 12 Stat. 8.

 1840, 11 Stat. 6. An.